UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT HENRY BARTNING, et al., | No. 2:13-cv-1540-MCE-KJN PS |
| Plaintiffs, | |
| v. | ORDER AND |
| OHIO NORTHERN UNIVERSITY, et al., | FINDINGS AND RECOMMENDATIONS |
| Defendants. | |

Plaintiff Vincent Henry Bartning, proceeding in this action without counsel, has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. (ECF No. 3.)[1]  Plaintiff's application in support of his request to proceed in forma pauperis makes the showing required by 28 U.S.C. § 1915(a)(1). Accordingly, the undersigned grants plaintiff's request to proceed in forma pauperis.

The determination that a plaintiff may proceed in forma pauperis does not complete the required inquiry. Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at any time if it determines that the allegation of poverty is untrue, or if the action is frivolous or

---

[1] This case proceeds before the undersigned pursuant to E.D. Cal. L.R. 302(c)(21) and 28 U.S.C. § 636(b)(1).

1   malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against
2   an immune defendant.

3       Plaintiff, presently a resident of Solano County, claims to be the CEO of the USA
4   KIA/DOW Family Foundation[2] and asserts that he is currently obtaining a second graduate
5   degree at Regis University in Software Engineering.  Although plaintiff's complaint is somewhat
6   confusing and contains little detail, plaintiff appears to allege that he completed his first year of
7   law school at Ohio Northern University after scoring in the top-25th percentile on the LSAT, but
8   that Ohio Northern University and the United States Department of Education somehow
9   discriminated against him based on his age, sex, and other possible classifications.  Plaintiff seeks
10  a refund or forgiveness of all loans associated with the first year of law school, cancelation of any
11  further debt at Ohio Northern University, and/or correction of his grades that resulted in dismissal
12  from the university.  Plaintiff also suggests that he is somehow attempting to bring a class action
13  on behalf of members of the USA KIA/DOW Family Foundation.  (ECF No. 1.)

14      After reviewing plaintiff's complaint, it appears that venue in this district is improper.
15  The federal venue statute provides that a civil action "may be brought in (1) a judicial district in
16  which any defendant resides, if all defendants are residents of the State in which the district is
17  located; (2) a judicial district in which a substantial part of the events or omissions giving rise to
18  the claim occurred, or a substantial part of property that is the subject of the action is situated; or
19  (3) if there is no district in which an action may otherwise be brought as provided in this section,
20  any judicial district in which any defendant is subject to the court's personal jurisdiction with
21  respect to such action."  28 U.S.C. § 1391(b).

22      Here, plaintiff presently resides in Solano County, which is located in the Eastern District
23  of California.  However, as the above statute shows, it is generally the defendant's residence, and
24  not the plaintiff's residence, that guides the venue inquiry.  As plaintiff's civil cover sheet notes,
25  Ohio Northern University is located in Hardin County, Ohio.  Even if the United States
26  Department of Education is deemed to reside anywhere in the country, including in the Eastern

---

[2] According to plaintiff, the USA KIA/DOW Family Foundation is a nonprofit organization for families of United States citizens killed in action ("KIA") or who died of wounds ("DOW").

1  District of California, venue would not be proper in this district, because not all defendants are
2  residents of the state in which the district is located.  See 28 U.S.C. § 1391(b)(1) ( venue proper in
3  "a judicial district in which any defendant resides, *if all defendants are residents of the State in*
4  *which the district is located*").  Ohio Northern University is plainly not a resident of California.
5  Furthermore, because plaintiff's claims arise from his studies as a law student at Ohio Northern
6  University, and his alleged illegal treatment by Ohio Northern University, a substantial part of the
7  events or omissions giving rise to the claim did not occur in this district.  Instead, it appears that
8  the action would need to be brought in the United States District Court for the Northern District
9  of Ohio, in which Ohio Northern University and Hardin County are located.

10  Therefore, the court recommends that plaintiff's action be dismissed for improper venue
11  pursuant to 28 U.S.C. § 1406(a), but without prejudice to plaintiff re-filing the action in a proper
12  district.  The court expresses no opinion regarding the merits of plaintiff's claims.

13  Accordingly, for the reasons outlined above, IT IS HEREBY ORDERED that plaintiff's
14  motion to proceed in forma pauperis (ECF No. 3) is GRANTED.

15  IT IS ALSO HEREBY RECOMMENDED that the action be DISMISSED WITHOUT
16  PREJUDICE for improper venue pursuant to 28 U.S.C. § 1406(a).

17  These findings and recommendations are submitted to the United States District Judge
18  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14)
19  days after being served with these findings and recommendations, any party may file written
20  objections with the court and serve a copy on all parties.  Such a document should be captioned
21  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
22  shall be served on all parties and filed with the court within fourteen (14) days after service of the
23  ////
24  ////
25  ////
26  ////
27  ////
28  ////

1 | objections.  The parties are advised that failure to file objections within the specified time may
2 | waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th
3 | Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

    IT IS SO ORDERED AND RECOMMENDED.

Dated:  August 7, 2013

                                                    KENDALL J. NEWMAN
                                                    UNITED STATES MAGISTRATE JUDGE